

The following constitutes the order of the Court.
Signed: September 25, 2020

_____
**Charles Novack
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re:

TONY DONG XING FU aka Tony Fu aka Dong Xming Fu,

    Debtor.

Case No. 17-41205 CN
Chapter 7

**FINAL ORDER RE: DISCHARGED DEBTOR'S MOTION FOR SANCTIONS**

    This order is the most recent entry in the endless litigation between Demas Yan and Tony Fu, and it addresses Fu's request that this court hold Demas Yan, Tina Yan, Thai Ming Chiu, Ka Man Liu and their attorney, Mark Lapham in contempt for various acts which purportedly violate several orders of this court.[1] Fu first claims that Legal Recovery, LLC, which holds a large pre-petition judgement against him, has violated the discharge violation by pursuing its collection. As discussed below, Fu is asserting this claim notwithstanding the fact that Legal Recovery's collections efforts are not directly aimed against him. Regardless, Fu seeks to hold Tina Yan, Legal Recovery, LLC's purported owner, and Mark Lapham, Legal Recovery's attorney, in contempt for its conduct. Fu is also a named party in ongoing litigation with some of the alleged contemnors, both as a plaintiff and

---

[1] The alleged contemnors have personal or business relationships. Tina Yan is Demas Yan's mother, and she is purportedly holds the majority interest in Legal Recovery, LLC. Thai Ming Chiu and Ka Man Liu are Demas Yan's brothers-in-law. Demas Yan, a now disbarred attorney, and Mark Lapham were allegedly law partners.

1

cross-claim defendant. Fu asserts that the post-dischrage maintenance of the cross-claims against him also violate his discharge injunction. For good measure, Fu also requests that this court sanction Demas Yan for filing false proofs of claim in this Chapter 7 case (which has been closed for more than a year). Finally, Fu requests that this court compel Demas Yan to pay sanctions which this court entered against him by order dated June 20, 2019.

This court addresses Fu's claims *ad seriatim*, and will delve into the parties' lengthy litigation history only where necessary.

1. **The Sierra Point Judgment**.

On April 28, 2006, Sierra Point Lumber and Plywood Company, Inc. obtained a $221,524.28 judgment against Fu and San Francisco Building Professionals, Inc., a defunct California corporation jointly owned by Fu and Yan. This judgment is unsatisfied, and Yan's Chapter 7 discharge, entered by this court on March 27, 2019, prevents its collection against Fu. Sierra Point Lumber assigned its judgment to Legal Recovery, LLC on May 31, 2019 (the "Assigned Judgment"). Since Legal Recovery, LLC ("Legal Recovery") cannot look to either of its judgment debtors for satisfaction, it commenced litigation against Crystal Lei, Fu's ex-wife, in San Francisco County Superior Court on October 1, 2019 to collect this debt. Lapham represents Legal Recovery in this litigation. Legal Recovery alleges, among other things, that Lei and Fu orchestrated a pre-petition sham divorce, engaged in fraudulent conveyances, and allegedly used community property funds to purchase real property located at 337-341 28th Avenue, San Francisco, California to which only Lei holds title.[2] Notwithstanding that Fu is not a named party to this litigation, Legal Recovery seeks declaratory relief that the Fu/Lei divorce is a sham, and that the 28th Avenue property is part of their community estate "and is liable for the Assigned Judgment." Fu presumably denies these allegations.

Paragraphs 13, 15, 17, 18 and 19 form the basis for the declaratory relief cause of action against Lei. They state, in pertinent part, the following:

---

[2] To provide perspective, the divorce occurred several years before Fu filed his Chapter 7 bankruptcy. Moreover, Legal Recovery's allegations are virtually identical to causes of action pled by Yan and related parties in dead end San Francisco County Superior Court litigation dating back to 2009 (which litigation has long since been dismissed).

2

**FINAL ORDER**

"13. The sham divorce was fraudulent, null and void ab initio and without legal effect. Family Code 910 provides that community estate is liable for debt incurred by either spouse before or during marriage. The property known as 337-341 28th Avenue, San Francisco, CA 94121 is community estate and is liable to the Assigned Judgment.

15. FU filed for Chapter 7 bankruptcy in 2017 and obtained discharge in 2019. FU's bankruptcy is a fraud on the court and his creditors. Even though FU currently has obtained discharge, it does not prohibit enforcement of the assigned judgment against third defendants. The effect of a discharge was simply to release a Bankrupt's personal liability for repayment of the debt. The discharge is not a payment or extinguishment of the debt itself. It simply bars future legal proceedings to enforce the discharged debt against Bankrupts. Helms v. Holmes, 129 F.2d 263 (4th Cir. 1942).

17. An actual controversy has arisen and now exists between plaintiff and defendant LEI concerning their respective rights and duties in that plaintiff contends that as to legal consequences resulting from facts alleged in preceding paragraphs, the property known as 337-341 28th Avenue, San Francisco, CA 94121 is community property and is liable to the Assigned Judgment.

18. Plaintiff desires a judicial determination of its rights and duties, and a declaration that the property known as 337-341 28th Avenue, San Francisco, CA 94121 is community estate and liable to the Assigned Judgment.

19. A judicial declaration is necessary and appropriate at this time under the circumstances in order that plaintiff may ascertain its rights and duties."

After commencing this litigation, Legal Recovery filed a March 9, 2020 application to renew the Assigned Judgment.

Bankruptcy Code § 524(a) provides in pertinent part that "a discharge in a case under this title- (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727 . . . . [and] (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor… ." Relief for discharge violations requires a motion for contempt, and Bankruptcy Code § 105(a) authorizes this court to hold parties in contempt and award damages for a knowing violation of a Chapter 7 discharge. *See Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186 (9th Cir. 2011). To prevail, Fu must prove by clear and convincing evidence that there is no fair ground of doubt that his Chapter 7 discharge barred Legal Recovery's lawsuit. "In other words, civil contempt is appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct

3

FINAL ORDER

might be lawful." *Taggart v. Lorenzen (In re Taggart)*, 139 S.Ct. 1795, 1799 (2019). Tina Yan, Mark Lapham and Legal Recovery do not deny that they received notice of Fu's Chapter 7 bankruptcy and the entry of his discharge.

Fu asserts that Legal Recovery's declaratory relief cause of action violates his discharge injunction. Legal Recovery contends that Fu's discharge does not bar it from seeking to collect its judgment against a third party. *See*, *e.g.*, *In re Beeney*, 142 B.R. 360, 362 (Bankr.9th Cir.1992). Both statements leave this court wanting. While inartfully drafted, Legal Recovery's declaratory relief request appears to be twofold: first, a declaration from the court determining the bonafides of Fu's divorce, and second, if the divorce is a sham, a declaration that it may proceed to enforce the Assigned Judgement against the 28th Avenue property as community property. This court construes this last request as including a request that the San Francisco County Superior Court to determine the scope of Fu's Chapter 7 discharge.[3] Determinations regarding the scope of the discharge generally require an adversary proceeding seeking declaratory relief. *See* Federal Rule of Bankruptcy Procedure 7001(9); *Ung v. Boni (In re Boni)*, 240 B.R. 381, 385-86 (Bankr. 9th Cir. 1999); *Ruvacalba v. Munoz (In re Munoz)*, 287 B.R. 646, 556 (Bankr. 9th Cir. 2002). "When questions arise as to the application of the automatic stay or discharge injunction to a transaction, it is best for a creditor to seek relief from the bankruptcy court"). *In re Bahary*, 528 B.R. 763, 773 (Bankr. N.D. Ill. 2015). While such declaratory relief actions are typically brought in bankruptcy court, the San Francisco County Superior Court may have concurrent jurisdiction to address the scope of Fu's

---

[3] The court offers the following reasoning: if one spouse files a Chapter 7 bankruptcy with community property interests, generally all of the community property becomes property of his bankruptcy estate, and the sole spouse's Chapter 7 discharge insulates the pre-petition community property from the discharged, pre-petition community claims. *See Broach v. Michell (In re Bouzas)*, 294 B.R. 318, 321 (Bankr.N.D.Cal. 2003); *In re Soderling*, 998 F.2d 730, 733 (9th Cir. 1993); *In re Strickland*, 153 B.R. 909 (Bankr.D.N.Mex. 1993). If Legal Recovery is correct - that the divorce was a sham and the 28th Avenue property is community property - is Legal Recovery then trying to enforce a discharged pre-petition community claim against pre-petition community property that is protected by the discharge injunction? If these musings are correct, then Legal Recovery has good reason to seek declaratory relief regarding the scope of the discharge injunction.

4

**FINAL ORDER**

discharge[4].

This court presumes that Legal Recovery's renewal of the Assigned Judgment is part and parcel of its efforts to prosecute its declaratory judgment cause of action.

Fu must demonstrate by clear and convincing evidence that there is no objectively reasonable basis for concluding that Legal Recovery's declaratory relief action and renewal of its judgment might be lawful. Fu has not met his burden of proof. Legal Recovery may seek to collect the judgment against a third party, and its litigation against Lei appears to be such an effort. Whether its effort is misguided or violative of any vexatious litigant order against Yan falls within the purview of the San Francisco County Superior Court. Legal Recovery also has the right to seek a judicial determination of whether its attempt to collect the Assigned Judgment is on the right side of the discharge injunction. Accordingly, at this preliminary stage of this litigation, Legal Recovery's collection efforts, including its renewals of the Assigned Judgment, do not appear to violate Fu's discharge injunction.

2. **The Cross-Claims.**

Fu is a named party in several pieces of pre-petition San Francisco County Superior Court litigation, which remain pending. Ka Man Lieu and Thai Ming Chiu, who are named defendants in these matters, have filed cross-claim/third party claims against Fu. Fu has discharged his personal liability on these claims, and he asserts that the post-discharge maintenance of these claims violate his discharge injunction.

**A**. **Fu v. Yan, et al.**

In 2016, Fu filed fraud litigation against Demas Yan and several other parties, including Ka Man Liu, in San Francisco County Superior Court (Case No. CGC-16-553702; the "Fu Litigation"). On April 26, 2017, Ka man Liu filed a cross-complaint against (among others) Fu and Lei in which he asserted several claims for relief, including enforcement of a judgment, fraudulent conveyances,

---

[4] *See* 28 U.S.C. § 1334(b); *Emmert v. Taggart (In re Taggart)*, 548 B.R. 275, 289-90 (Bankr. 9th Cir. 2016), *aff'd*, 888 F.3d 438 (9th Cir. 2018), *vacated on other grounds and remanded sub. nom. Taggart v. Lorenzen*, 139 S.Ct. 1795, 204 L.Ed. 2d 129 (2019). *See* also the advisory notes to the 2010 amendment to Federal Rule of Bankruptcy Procedure 7008. Given this court's holding, it does not reach the issue of whether Tina Yan can be held personally liable for Legal Recovery's conduct.

5

and aiding and abetting fraud. Here, the judgment at issue is a 2003 San Francisco County Superior Court judgment awarded to Florence Fung and Yuet Lin Ho, which they assigned to Ka Man Liu. The judgment now totals more than $200,000. Fu has discharged these cross-claims, including the judgment, and he contends that Ka Man Liu's failure to dismiss these claims violates the discharge injunction. Ka Man Liu disagrees, arguing that he may assert them as setoffs under Bankruptcy Code § 553.

Fu's discharge does not bar these cross-claims to the extent they are asserted as setoffs under Bankruptcy Code § 553. *See Carolco Television, Inc. v. National Broadcasting Co. (In re DeLaurentis Entertainment Group, Inc.*), 963 F.2d 1269, 1276-77 (9th Cir. 1992); *Camelback Hosp., Inc. v. Buchenmaier (In re Buchenmaier)*, 127 B.R. 233, 237 (Bankr. 9th Cir. 1991). Section 553 provides that:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case .

Ka Man Liu's cross-claims are permissible if they are based on mutual, pre-petition obligations between Fu and him, and if basic concepts of fairness justify their allowance. *In re Pieri*, 86 B.R. 208, 210 (Bankr. 9th Cir. 1988). Obligations are "mutual" if "something is owed by each side," and they need not arise out of the same transaction. *Davidovich v. Welton (In re Davidovitch)*, 901 F.2d 1533, 1537 (10th Cir. 1990); *Tradex, Inc. v. United States (In re IML Freight, Inc.)*, 65 B.R. 788, 793 (Bankr. D.Utah 1986). The Bankruptcy Code is not an independent source of law that authorizes setoff or recoupment; it instead recognizes and preserves rights that exist under non-bankruptcy law. Therefore, a creditor seeking to setoff or recoup a debt must establish a claim and a right to do so under state or federal law. See *In re Pieri*, *supra*. The burden of proving an enforceable setoff rests with the party asserting the right. *Newberry Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1399 (9th Cir. 1996) (citing *In re Cty. of Orange*, 183 B.R. 609, 615 (Bankr. C.D. Cal. 1995)). Setoffs are "generally favored" and a "presumption in favor of their enforcement exists." *In re Buchenmaier*, *supra*, at 237-38.

Fu does not dispute the validity of the judgment held by Ka Man Liu and has not attempted

(at this stage) to undermine the merits of his remaining cross-claims. This court leaves that task to the Superior Court. Accordingly, Ka Man Liu's cross-claims, as potential setoffs, do not violate the discharge injunction.

**B**. **Bryant Fu and Crystal Lei v. Tina Yan, et al.**

In 2017, Bryant Fu and Crystal Lei commenced litigation against, among others, Tina Yan, Ka Man Liu and Thai Ming Chiu in San Francisco County Superior Court (Case No. CGC-17-556769). On April 28, 2017, Ka man Liu filed a cross-complaint against Bryant Fu and Crystal Lei, which also named Tony Fu as a third party defendant. While this cross-complaint is virtually identical to the one filed by Ka Man Liu in the Fu Litigation, a distinction exists: Fu has not asserted any affirmative claims for relief against Ka Man Liu in this liigation. Accordingly, these cross-claims, which seek compensatory, special and exemplary damages against all cross-defendants, violate the discharge injunction.

Ka Man Liu dismissed his cross-claims against Fu after Fu filing his contempt motion. He dismissed them, however, "without prejudice." As stated above, Ka Man Liu may assert these cross-claims against Fu only as potential set-offs, and this court bars him from bringing these cross-claims against Fu for any other purpose.

Thai Ming Chiu also filed a cross-complaint in this litigation, but did not list Tony Fu as a third party defendant. While his allegations closely hew those alleged by Ka Man Liu, he did not seek any damages or recovery against Fu or his properties. Paragraph 13 of his cross-complaint states that "Tony Fu filed a fraudulent petition for bankruptcy around May of 2017 which is pending the Bankruptcy Court of the Northern District of California. This complaint is not intended to enforce or prosecute any claims against Tony Fu or against his properties, but rather for damages caused by the torts of the cross-defendants, as set forth below." Given this language, Chiu's cross-complaint does not violate the discharge injunction.

**3. The Proof of Claims**

Fu asks this court to sanction Yan for filing allegedly "fraudulent" claims in Fu's no asset

7

**FINAL ORDER**
Case: 17-41205    Doc# 74    Filed: 09/25/20    Entered: 09/25/20 14:11:05    Page 7 of 9

Chapter 7 case.[5] The court declines to so. This court resolves cases and controversies that appear before it. Fu's arguments regarding the claims do not rise to this level. Fu has discharged these claims, his case was a "no asset" Chapter 7, and the Chapter 7 trustee, who typically is the only party authorized to object to claims, has not done so for obvious reasons.

**4. Yan's Failure to Pay Previously Imposed Sanctions.**

By order dated June 20, 2019, this court sanctioned Demas Yan $12,908.76 for violating Federal Rule of Bankruptcy Procedure 9011. These sanctions were payable to Fu's then counsel, Kornfield, Nyberg, Bender, Kuhner & Little, P.C., which assigned its rights to Fu. Yan has not paid these sanctions, and Yan requests that this court hold Yan in contempt for failing to satisfy this debt. A contempt motion is not the appropriate means to collect these sanctions, and Fu should use the enforcement procedures available under Federal Rule of Bankruptcy Procedure 7069 to collect this debt. *See Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 906-07 (Bankr. 9th Cir. 2013).

**\* \* \* END OF ORDER \* \* \***

---

[5] Demas Yan filed these claims on behalf of some of his alleged co-contemnors.

Case No. 17-41205

**<u>COURT SERVICE LIST</u>**

Tony Dong Xing Fu
5813 Geary Blvd, PMB 188
San Francisco, CA 94121

Demas Yan
100 Pine Street, #1250
San Francisco, CA 94111

Mark W. Lapham
Law Offices of Mark W. Lapham
751 Diablo Road
Danville, CA 94526

Other recipients are ECF participants